IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| JAMES M. POUNDS, III and wife, MICHELLE POUNDS | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LOCKHEED MARTIN CORPORATION, LOCKHEED MARTIN GOVERNMENT SERVICES, INC., LOCKHEED MARTIN SERVICES, INC., LOCKHEED MARTIN OPERATIONS SUPPORT, INC., LOCKHEED MARTIN LOGISTICS MANAGEMENT, INC., LOCKHEED MARTIN LOGISTIC SERVICES, INC., LOCKHEED MARTIN ASPEN SYSTEMS CORPORATION, LOCKHEED MARTIN GLOBAL TELECOMMUNICATIONS SERVICES, INC., XEROX STATE & LOCAL SOLUTIONS, INC., LOCKHEED MARTIN INFORMATION TECHNOLOGY COMMERCIAL CORP., LOCKHEED MARTIN MANAGEMENT SYSTEMS DESIGNERS, INC., SYTEX, INC., LOCKHEED MARTIN TECHNICAL OPERATIONS COMPANY, and LOCKHEED MARTIN TRAINING SOLUTIONS, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S
<u>ANSWER TO PLAINTIFFS' COMPLAINT</u>**

Defendant Lockheed Martin Corporation ("LMC") by and through undersigned counsel, answers the allegations of the Complaint as follows:

1. LMC lacks sufficient knowledge or information as to the allegations of paragraph 1, so denies those allegations.

2. LMC admits the allegations of paragraph 2, except LMC denies the allegation that it had a principal place of business in Cumberland County, North Carolina. At all relevant times LMC's principal place of business was located in Bethesda, Maryland.

3. LMC admits the allegations of paragraph 3.

4. LMC denies the allegations of paragraph 4 that, at all relevant times, LMGS had a principal place of business in Cumberland County, North Carolina.

5. LMC admits the allegations of paragraph 5.

6. LMC denies the allegations of paragraph 6 that, at all relevant times, LMS had a place of business located in Cumberland County, North Carolina.

7. LMC admits the allegations of paragraph 7.

8. LMC denies the allegations of paragraph 8 that, at all relevant times, LMOS had a place of business located in Cumberland County, North Carolina.

9. LMC admits the allegations of paragraph 9.

10. LMC denies the allegations of paragraph 10 that, at all relevant times, LMLM had a place of business located in Cumberland County, North Carolina.

11. LMC admits the allegations of paragraph 11.

12. LMC denies the allegations of paragraph 12 that, at all relevant times, LMLS had a place of business located in Cumberland County, North Carolina.

13. LMC admits the allegations of paragraph 13.

14. LMC denies the allegations of paragraph 14 that, at all relevant times, Aspen had a place of business located in Cumberland County, North Carolina.

15. LMC admits the allegations of paragraph 15.

16. LMC denies the allegations of paragraph 16 that, at all relevant times, LMGTS had a place of business located in Cumberland County, North Carolina.

17. LMC admits the allegations of paragraph 17.

18. LMC lacks sufficient knowledge or information as to the allegations of paragraph 18. LMC is not affiliated with the defendant Xerox State & Local Solutions, Inc. ("Xerox").

19. LMC lacks sufficient knowledge or information as to the allegations of paragraph 19. LMC is not affiliated with the defendant Xerox.

20. LMC denies the allegations of paragraph 20 that, at all relevant times, LMITC had a place of business located in Cumberland County, North Carolina.

21. LMC admits the allegations of paragraph 21.

22. LMC denies the allegations of paragraph 22 that, at all relevant times, LMMSD had a place of business located in Cumberland County, North Carolina.

23. LMC admits the allegations of paragraph 23.

24. LMC denies the allegations of paragraph 24 that, at all relevant times, Sytex had a place of business located in Cumberland County, North Carolina.

25. LMC admits the allegations of paragraph 25.

26. LMC denies the allegations of paragraph 26 that, at all relevant times, LMTO had a place of business located in Cumberland County, North Carolina.

27. LMC admits the allegations of paragraph 27.

28. LMC denies the allegations of paragraph 28 that, at all relevant times, LMTS had a place of business located in Cumberland County, North Carolina.

29. LMC admits the allegations of paragraph 29.

30. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-29.

31. Paragraph 31 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

32. LMC admits the allegations of paragraph 32.

33. LMC admits, upon information and belief, that Linc Government Services, LLC was a subcontractor for Defendant LMC and contracted with Defendant LMC to perform maintenance and rehabilitation on military vehicles at Fort Bragg, a United States Army military installation. LMC denies that Linc was a subcontractor for any other named defendants to perform maintenance and rehabilitation on military vehicles at Fort Bragg as set forth in paragraph 33.

34. LMC lacks sufficient knowledge or information as to the allegations of paragraph 34, so denies those allegations.

35. LMC admits the allegations of paragraph 35.

36. LMC denies the allegations of paragraph 36.

37. Paragraph 37 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

38. LMC denies the allegations of paragraph 38. The military vehicles transported to Fort Bragg for maintenance were under the custody and control of the United States Army.

39. LMC admits, upon information and belief, that Plaintiff was working on reconditioning a military vehicle on or about April 21, 2011. However, LMC lacks sufficient knowledge or information as to the remaining allegations of paragraph 39, so denies those allegations.

40. LMC lacks sufficient knowledge or information as to the allegations of paragraph 40, so denies those allegations.

41. LMC lacks sufficient knowledge or information as to the allegations of paragraph 41, so denies those allegations.

42. LMC lacks sufficient knowledge or information as to the allegations of paragraph 42, so denies those allegations.

43. LMC admits, upon information and belief, that an LMC employee reported skin burning and irritation after working on a vehicle prior to April 21, 2011. The employee did not require medical treatment. LMC denies the remaining allegations of paragraph 43.

44. LMC lacks sufficient knowledge or information as to the allegations of paragraph 44, so denies those allegations.

45. LMC admits, upon information and belief, that it quarantined a military vehicle after complaints that a powdery substance was discovered in the vehicle. LMC reported this to the U.S. Army and the Army conducted testing. LMC denies the remaining allegations in paragraph 45.

46. LMC admits, upon information and belief, washing and returning the vehicle to the Army after the Army completed testing. LMC denies the remaining allegations in paragraph 46.

47. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-46.

48. LMC denies the allegations of paragraph 48.

49. LMC denies the allegations of paragraph 49.

50. LMC admits, upon information and belief, that it was cited and penalized by the Occupational Safety and Health Administration for violations. These violations were downgraded to "Other Than Serious" by the Occupational Safety and Health Administration. LMC denies the remaining allegations in paragraph 50.

51. LMC denies the allegations of paragraph 51.

52. Paragraph 52 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

53. Paragraph 53 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

54. Paragraph 54 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

55. Paragraph 55 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

56. Paragraph 56 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

57. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-56.

58. Paragraph 58 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

59. Paragraph 59 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

60. LMC denies the allegations of paragraph 60.

61. Paragraph 61 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

62. LMC denies the allegations of paragraph 62.

63. Paragraph 63 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

64. Paragraph 64 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

65. Paragraph 65 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

66. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-65.

67. Paragraph 67 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

68. Paragraph 68 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

69. LMC denies the allegations of paragraph 69.

70. Paragraph 70 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

71. LMC denies the allegations of paragraph 71.

72. Paragraph 72 sets forth a legal conclusion to which no response is required. To

the extent a response is required, LMC denies those allegations.

73. Paragraph 73 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

74. Paragraph 74 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

75. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-74.

76. LMC lacks sufficient knowledge or information as to the allegations of paragraph 76, so denies those allegations.

77. LMC lacks sufficient knowledge or information as to the allegations of paragraph 77, so denies those allegations.

78. LMC lacks sufficient knowledge or information as to the allegations of paragraph 78, so denies those allegations.

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

80. Paragraph 80 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

81. LMC hereby repeats and incorporates by reference the answers to paragraphs 1-80.

82. LMC denies that defendant Xerox State & Local Solutions, Inc. ("Xerox") is a subsidiary of Defendant LMC. LMC admits that it is the sole shareholder of the remaining named defendants, or their shareholders.

83. LMC denies that Defendant LMC is the sole, or dominant, shareholder of

Defendant Xerox. LMC admits that it is the sole shareholder of the remaining named defendants, or their shareholders.

84. LMC denies the allegations of paragraph 84.

85. Paragraph 85 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

86. Paragraph 86 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

87. LMC denies the allegations set forth in paragraph 87.

88. Paragraph 88 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations.

89. Paragraph 89 sets forth a legal conclusion to which no response is required. To the extent a response is required, LMC denies those allegations. LMC has no intention to "…hide behind a curtain of corporate protection to shield its assets…".

90. LMC denies all allegations in Plaintiff's Complaint not specifically admitted herein.

91. LMC denies all allegations in the WHEREFORE, paragraph of Plaintiff's Complaint.

92. LMC reserves the right to amend and supplement its Answer upon completion of written and deposition discovery.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

93. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

94. LMC affirmatively pleads it is immune from suit pursuant to the Government Contractor Immunity Defense.

## THIRD AFFIRMATIVE DEFENSE

95. LMC affirmatively pleads all of the rights and defenses to which it may be entitled under the facts of this case pursuant to any contract or purchase orders in existence between LMC and plaintiff's employer.

## FOURTH AFFIRMATIVE DEFENSE

96. If negligence is found on the part of LMC, which is denied, the Plaintiff is barred due to her own contributory negligence for failing to use due care.

## FIFTH AFFIRMATIVE DEFENSE

97. LMC affirmatively pleads sufficient intervening and superseding causes as a complete or partial bar to any alleged negligence or liability against it.

## SIXTH AFFIRMATIVE DEFENSE

98. LMC affirmatively pleads the alleged injuries were proximately caused by other third parties for which it had no legal responsibility or control.

WHEREFORE, Defendant, Lockheed Martin Corporation, by counsel, respectfully prays that the Plaintiff's Complaint be dismissed with prejudice in its entirety and that it be awarded its costs and expenses incurred herein as well as such further relief as the Court deems just and proper.

Respectfully submitted this 29th day of May, 2014.

                              COZEN O'CONNOR

                              By: /s/ Tracy L. Eggleston
                                    Tracy L. Eggleston, N.C. Bar 18471
                                    301 S. College Street, Suite 2100
                                    Charlotte, NC 28202
                                    Telephone: 704-348-3409
                                    teggleston@cozen.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***LOCKHEED MARTIN CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT*** in the above-captioned matter was served by U.S. Mail, postage pre-paid, this 29th day of May, 2014, addressed as follows:

Richard Munday
Oxner Permar & Richardson, PLLC
1155 Revolution Mill Drive, Studio 4
Greensboro, NC 27405

Laurie R. Stegall
Susan Hunt Law
501 Simpson Street
Greensboro, NC 27401

*Counsel for Plaintiffs*

Bryan T. Simpson
Teague Campbell Dennis & Gorham LLP
P.O. Box 19207
Raleigh, NC 27619
Counsel for Xerox State & Local Solutions, Inc.

/s/ Tracy L. Eggleston
Tracy L. Eggleston

LEGAL\19088198\1 03316.0001.000/350091.000