IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| JAMES M. POUNDS, III and wife,<br><br>MICHELLE POUNDS<br>Plaintiffs,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, LOCKHEED MARTIN GOVERNMENT SERVICES, INC., LOCKHEED MARTIN SERVICES, INC., LOCKHEED MARTIN OPERATIONS SUPPORT, INC., LOCKHEED MARTIN LOGISTICS MANAGEMENT, INC., LOCKHEED MARTIN LOGISTIC SERVICES, INC., LOCKHEED MARTIN ASPEN SYSTEMS CORPORATION, LOCKHEED MARTIN GLOBAL TELECOMMUNICATIONS SERVICES, INC., XEROX STATE & LOCAL SOLUTIONS, INC., LOCKHEED MARTIN INFORMATION TECHNOLOGY COMMERCIAL CORP., LOCKHEED MARTIN MANAGEMENT SYSTEMS DESIGNERS, INC., SYTEX, INC., LOCKHEED MARTIN TECHNICAL OPERATIONS COMPANY, and LOCKHEED MARTIN TRAINING SOLUTIONS, INC.<br><br>Defendants. | **5:14-cv-00298** |

**DEFENDANTS LOCKHEED MARTIN GOVERNMENT SERVICES, INC. ("LMGS" ), LOCKHEED MARTIN SERVICES, INC. ("LMS"), LOCKHEED MARTIN OPERATIONS SUPPORT, INC. ("LMOS"), LOCKHEED MARTIN LOGISTICS MANAGEMENT, INC. ("LMLM"), LOCKHEED MARTIN LOGISTIC SERVICES, INC. ("LMLS"), LOCKHEED MARTIN ASPEN SYSTEMS CORPORATION ("ASPEN"), LOCKHEED MARTIN GLOBAL TELECOMMUNICATIONS SERVICES, INC. ("LMGTS"), LOCKHEED MARTIN INFORMATION TECHNOLOGY COMMERCIAL CORP. ("LMITC") , LOCKHEED MARTIN MANAGEMENT SYSTEMS DESIGNERS, INC. ("LMMSD"), SYTEX, INC. ("SYTEX"), LOCKHEED MARTIN TECHNICAL OPERATIONS COMPANY ("LMTO"), and LOCKHEED MARTIN TRAINING SOLUTIONS, INC. ("LMTS")**

## ANSWER TO PLAINTIFFS' COMPLAINT

The Defendants (hereinafter referred to collectively as the "DEFENDANTS") by and through undersigned counsel, answer the allegations of the Complaint as follows:

1. The Defendants lack sufficient knowledge or information as to the allegations of paragraph 1, so denies those allegations.

2. The Defendants admit the allegations of paragraph 2, except Defendants deny the allegation that Defendant LMC maintained a principal place of business in Cumberland County, North Carolina.

3. The Defendants admit the allegations of paragraph 3.

4. The Defendants deny the allegations of paragraph 4 that, at all relevant times, LMGS had a principal place of business in Cumberland County, North Carolina.

5. The Defendants admit the allegations of paragraph 5.

6. The Defendants deny the allegations of paragraph 6 that, at all relevant times, LMS had a place of business located in Cumberland County, North Carolina.

7. The Defendants admit the allegations of paragraph 7.

8. The Defendants deny the allegations of paragraph 8 that, at all relevant times, LMOS had a place of business located in Cumberland County, North Carolina.

9. The Defendants admit the allegations of paragraph 9.

10. The Defendants deny the allegations of paragraph 10 that, at all relevant times, LMLM had a place of business located in Cumberland County, North Carolina.

11. The Defendants admit the allegations of paragraph 11.

12. The Defendants deny the allegations of paragraph 12 that, at all relevant times, LMLS had a place of business located in Cumberland County, North Carolina.

13. The Defendants admit the allegations of paragraph 13.

14. The Defendants deny the allegations of paragraph 14 that, at all relevant times, Aspen had a place of business located in Cumberland County, North Carolina.

15. The Defendants admit the allegations of paragraph 15.

16. The Defendants deny the allegations of paragraph 16 that, at all relevant times, LMGTS had a place of business located in Cumberland County, North Carolina. LMGTS was withdrawn from doing business in North Carolina in 2003 and dissolved as a Corporation in 2009.

17. The Defendants deny the allegations of paragraph 17.

18. The Defendants lack sufficient knowledge or information as to the allegations of paragraph 18. The Defendants are not affiliated with the defendant Xerox State & Local Solutions, Inc. ("Xerox").

19. The Defendants lack sufficient knowledge or information as to the allegations of paragraph 19. The Defendants are not affiliated with the defendant Xerox.

20. The Defendants deny the allegations of paragraph 20 that, at all relevant times, LMITC had a place of business located in Cumberland County, North Carolina.

21. The Defendants admit the allegations of paragraph 21.

22. The Defendants deny the allegations of paragraph 22 that, at all relevant times, LMMSD had a place of business located in Cumberland County, North Carolina.

23. The Defendants admit the allegations of paragraph 23.

24. The Defendants deny the allegations of paragraph 24 that, at all relevant times, Sytex had a place of business located in Cumberland County, North Carolina.

25. The Defendants admit the allegations of paragraph 25.

26. The Defendants deny the allegations of paragraph 26 that, at all relevant times, LMTO had a place of business located in Cumberland County, North Carolina.

27. The Defendants admit the allegations of paragraph 27.

28. The Defendants deny the allegations of paragraph 28 that, at all relevant times, LMTS had a place of business located in Cumberland County, North Carolina.

29. The Defendants admit the allegations of paragraph 29.

30. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-29.

31. Paragraph 31 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny those allegations.

32. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 32.

33. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 33.

34. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 34.

35. The Defendants admit the allegations of paragraph 35.

36. Paragraph 36 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 36.

37. Paragraph 37 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 37.

38. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 38.

39. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 39.

40. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 40.

41. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 41.

42. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 42.

43. The Defendants deny the allegations of paragraph 43.

44. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 44.

45. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 45.

46. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 46.

47. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-46.

48. The Defendants deny the allegations in paragraph 48.

49. The Defendants deny the allegations in paragraph 49.

50. The Defendants deny the allegation that they have been cited and penalized by the Occupational Safety and Health Administration for safety violations related to this incident where the plaintiff was exposed to hazardous chemicals and injured. The Defendants lack sufficient knowledge to admit or deny the allegation that Linc Government Services, Inc., has been cited and penalized by the Occupational Safety and Health Administration for safety violations related to this incident where the plaintiff was exposed to hazardous chemicals and injured.

51. The Defendants deny the allegations in paragraph 51.

52. Paragraph 52 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 52.

53. Paragraph 53 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 53.

54. Paragraph 54 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 54.

55. The Defendants deny the allegations in paragraph 55.

56. The Defendants deny the allegations of paragraph 56.

57. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-56.

58. Paragraph 58 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 58.

59. Paragraph 59 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 59.

60. The Defendants deny the allegations of paragraph 60.

61. The Defendants deny the allegations of paragraph 61.

62. The Defendants deny the allegations of paragraph 62.

63. The Defendants deny the allegations of paragraph 63.

64. The Defendants deny the allegations of paragraph 64.

65. Paragraph 65 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 65.

66. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-65.

67. The Defendants deny the allegations of paragraph 67.

68. Paragraph 68 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 68.

69. The Defendants deny the allegations of paragraph 69.

70. The Defendants deny the allegations of paragraph 70.

71. The Defendants deny the allegations of paragraph 71.

72. The Defendants deny the allegations of paragraph 72.

73. The Defendants deny the allegations of paragraph 73.

74. The Defendants deny the allegations of paragraph 74.

75. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-74.

76. The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 76.

77. The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 77.

78. The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 77.

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 79.

80. The Defendants deny the allegations in paragraph 80.

81. The Defendants hereby repeat and incorporate by reference the answers to paragraphs 1-80.

82. The Defendants deny that defendant Xerox State & Local Solutions, Inc. ("Xerox") or Lockheed Martin Global Telecommunications Services, Inc. are subsidiaries of Defendant LMC. The Defendants admit the remaining named Defendants are subsidiaries of LMC.

83. The Defendants deny that Defendant LMC is the sole, or dominant, shareholder of Defendant Xerox or Lockheed Martin Global Telecommunications Services, Inc. The Defendants admit that LMC is the sole shareholder of the remaining named defendants, or their shareholders.

84. The Defendants deny the allegations of paragraph 84.

85. The Defendants deny the allegations in Paragraph 85.

86. The Defendants deny the allegations in paragraph 86.

87. The Defendants deny the allegations set forth in paragraph 87.

88. The Defendants deny the allegations in paragraph 88.

89. The Defendants deny the allegations in paragraph 89.

90. The Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

91. The Defendants deny all allegations in the WHEREFORE, paragraph of Plaintiff's Complaint.

92. The Defendants reserve the right to amend and supplement this Answer upon completion of written and deposition discovery.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

93. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

94. The Defendants affirmatively plead they are immune from suit pursuant to the Government Contractor Immunity Defense.

### THIRD AFFIRMATIVE DEFENSE

95. If negligence is found on the part of the Defendants, which is denied, the Plaintiffs are barred due to contributory negligence for failing to use due care.

### FOURTH AFFIRMATIVE DEFENSE

96. The Defendants affirmatively plead sufficient intervening and superseding causes as a complete or partial bar to any alleged negligence or liability against it.

**FIFTH AFFIRMATIVE DEFENSE**

97. The Defendants affirmatively plead the alleged injuries were proximately caused by other third parties for which it had no legal responsibility or control.

**SIXTH AFFIRMATIVE DEFENSE**

98. The Defendants affirmatively plead that they are not a party to any contract which gives rise to the Plaintiffs' Complaint, nor did they have any relationship with Plaintiffs.

WHEREFORE, the Defendants, by counsel, respectfully pray that the Plaintiffs' Complaint be dismissed with prejudice in its entirety and that it be awarded its costs and expenses incurred herein as well as such further relief as the Court deems just and proper. Respectfully submitted this 17th October, 2014.

COZEN O'CONNOR

By: /s/ Tracy L. Eggleston
Tracy L. Eggleston, Fed. I.D. #689
301 S. College Street, Suite 2100
Charlotte, NC 28202
Telephone: 704-348-3409
teggleston@cozen.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT*** in the above-captioned matter was served via the Court's ECF system and by U.S. Mail, postage pre-paid, this 17th day of October, 2014, addressed as follows:

Richard Munday
Oxner Permar & Richardson, PLLC
1155 Revolution Mill Drive, Studio 4
Greensboro, NC 27405

Laurie R. Stegall
Susan Hunt Law
501 Simpson Street
Greensboro, NC 27401

/s/ Tracy L. Eggleston
Tracy L. Eggleston